IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR - 6 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By _____
Deputy Clerk

JEMAINE MONTEIL CANNON, )
)
Plaintiff, )
)
v. ) No. CIV 08-193-RAW-SPS
)
CHESTER MASON, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss for plaintiff's failure to exhaust his administrative remedies. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #19], plaintiff's response [Docket #20], and the defendants' replies [Docket #22 and #23].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Chester Mason, OSP Health Services Administrator; Dr. Stewart, OSP physician; Dr. Miller, OSP provider for ophthalmology services; and C. Kampas, OSP Registered Nurse.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Plaintiff alleges he has numerous medical conditions that cause him to suffer eyeball pain, facial muscle pain, and headaches from exposure to excessive light, sunlight, or ultraviolet rays. He also experiences chronic production of sputum from his advanced stage of sarcoidosis. He claims he used two pairs of ultraviolet protective eye shields to protect his eyes and a green DHD acapella for positive expiratory pressure therapy for his sarcoidosis treatments.

He asserts that on July 5, 2007, both pairs of his ultraviolet protective eye shields and the DHD acapella were seized from him. He claims that on July 16, 2007, he submitted a request to Trudy Lindsey, Correctional Counselor, seeking the return or replacement of the items. Ms. Lindsey forwarded to request to Defendant Chester Mason.

Plaintiff further alleges that on April 29, 2008, he submitted a grievance to Defendant Mason regarding his ultraviolet protective eye shields. On May 8, 2008, Defendant C. Kampas returned the grievance unanswered to plaintiff with a notation that the Request to Staff was submitted out of time from the date of the incident. Plaintiff contends Defendant Mason had responded to the original Request to Staff, so it was not out of time. Plaintiff also claims his request concerned a medical necessity, so there should have been a response.

Plaintiff asserts that from July 5, 2007, until August 15, 2007, he did not have an acapella for his therapy treatments, causing him to endure soreness, tenderness, and aggravated injury to his throat. He further claims his ultraviolet eye shields were not returned or replaced, resulting in headaches and eyeball and facial pain.

The defendants have moved for dismissal, alleging plaintiff has failed to exhaust his administrative remedies for any claim in this action. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

2

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident or of the date of the Request to Staff response, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority

3

or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The record shows that prior to commencing this lawsuit, plaintiff did not timely and properly file any appeals of grievances he filed for medical reasons from November 30, 2007, to July 15, 2008. Debbie Morton, Manager of the OSP Administrative Review Unit, states by affidavit that she reviewed the offender grievance records and determined that plaintiff had not submitted any type of grievance correspondence since September 2000. In addition, Mike Murray, Nurse Manager for DOC Medical Services, states by affidavit that the medical appellate review authority did not receive any properly submitted grievance appeals from plaintiff between November 30, 2007, and July 15, 2008. The record clearly shows plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. 1997e(a), and the deadlines have passed for pursuing his administrative remedies under DOC policy.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #19] is GRANTED, and this action is, in all respects, DISMISSED for plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED** this 6th day of March 2009.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE